878 F.2d 1431
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Dean FORDYCE, Defendant-Appellant.
 No. 88-5123.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 10, 1989.
Decided July 5, 1989.
Rehearing Denied July 31, 1989.
 
 James Foster Booker for appellant.
 Robert William Wiechering, Assistant United States Attorney (Henry E. Hudson, United States Attorney on brief) for appellee.
 Before ERVIN, Chief Judge, HAYNSWORTH, Senior Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this appeal, Fordyce presents several lame objections to his conviction for having violated 18 U.S.C.A. Sec. 2252(a)(2) by receiving a shipment of child pornography pictures in interstate commerce. We affirm the conviction, for there is no merit in any of his contentions.
 
 I.
 
 2
 From the Eastern District of Virginia, Fordyce ordered from Canada photographs advertised as depicting "boys and girls in sex action." The photographs originated in Canada, but were not actually placed in the mail until they reached Chicago. In Chicago they were mailed in a double envelope to a customs agent in the Eastern District of Virginia. He removed the outer envelope and placed on the inner envelope a postal cancellation of Buffalo, New York and delivered that envelope to the local mail carrier for ultimate delivery to Fordyce. As the customs agent observed from a distance, the postal carrier delivered the envelope to a man at Fordyce's apartment. The customs agent promptly obtained a search warrant and discovered Fordyce alone in his apartment. Spread upon a table was the array of sexually explicit pictures of children and Fordyce's half-eaten lunch.
 
 II.
 
 3
 Fordyce complains that the proof was inconclusive that he was the person who received the package from the postal carrier. At the time of the search, however, he was the only person in his apartment. The pictures were on the table, as was Fordyce's half-eaten lunch, and Fordyce offered no evidence that any one else had been present.
 
 III.
 
 4
 Fordyce complains that the proof did not show that the pictures had moved in foreign commerce, as charged in the indictment. The statute, however, is in the disjunctive, and the proof was abundant that the pictures had moved in the mails and in interstate commerce.
 
 IV.
 
 5
 There was no improper manufacture of jurisdiction. By completing and mailing the order form, he initiated the movement of the pictures in the mails.
 
 V.
 
 6
 He cannot claim ignorance of the nature of the materials, for he had responded to an advertisement that stated the subjects were school girls and boys and describing the materials as photographs of boys and girls in sex action.
 
 VI.
 
 7
 Nor can Fordyce receive any comfort from Stanley v. Georgia, 394 U.S. 557 (1969). In Stanley, it was held that a constitutional right of privacy protects the possession of at least some obscene material in one's home. Fordyce, however, was not prosecuted for possessing these photographs in his home; he was prosecuted for having procured their shipment in the mails in interstate commerce. United States v. Orito, 413 U.S. 139, 140-42 (1973).
 
 
 8
 This case is not exactly like United States v. Miller, 776 F.2d 978 (11th Cir.1985) (per curiam), cert. denied, 475 U.S. 1129 (1986), for Fordyce did not pick up this material at a post office. That difference is irrelevant, however, for Fordyce did procure the shipment of these materials in the mails, the offense for which he was convicted.
 
 VIII.
 
 9
 There is no infirmity in the conviction.
 
 
 10
 AFFIRMED.